IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ELENA HENRY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:08cv0017 SWW |
| | * | |
| | * | |
| | * | |
| MOSTEN EXPORT LTD., CO., | * | |
| | * | |
| Defendant. | * | |

ORDER

Plaintiff Elena Henry brings this action against defendant Mosten Export Ltd., Co. ("Mosten"), seeking monetary damages and injunctive relief based on Mosten's alleged scheme to defraud her and extinguish her ownership interest in an investment entity known as Zelany Port (a/k/a Green Port) Recreation and Health Centre, LLC ("Green Port"). The following motions are before the Court: (1) plaintiff's motion for sanctions [doc.#26]; and (2) Mosten's motion for extension of time to respond to plaintiff's motion for sanctions [doc.#29]. Plaintiff has responded in opposition to Mosten's motion for an extension of time.

On January 7, 2008, plaintiff filed her complaint against Mosten and on that same day moved this Court for a preliminary injunction to maintain the status quo of the parties and also moved for expedited discovery in connection with her motion for a preliminary injunction. By Order dated January 8, 2008, this Court granted plaintiff's motion for expedited discovery and later scheduled a hearing on plaintiff's motion for preliminary injunction for February 29, 2008. The record reflects that the Clerk of Court issued a summons, which plaintiff caused to be hand-delivered by process server along with the complaint, the motion for preliminary injunction, and

the motion for expedited discovery to Mosten's registered agent in Little Rock, Arkansas, on January 7, 2008.[1] Plaintiff additionally filed an affidavit confirming proof of service on Mosten. Mosten, however, never filed an answer to plaintiff's complaint and no attorney entered an appearance on its behalf.

On February 6, 2008, plaintiff filed the following motions: (1) plaintiff's motion for default judgment [doc.#18]; (2) plaintiff's motion to grant her motion for preliminary injunction as unopposed [doc.#20]; and (3) plaintiff's motion to compel discovery [doc.#22]. By Order entered February 21, 2008 [doc.#25], this Court granted each of plaintiff's motions, ruling as follows:

> Addressing first plaintiff's motion for default judgment, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the party is in default and judgment by default may be entered by the Court. Fed.R.Civ.P. 55(b). Here, [Mosten] has failed to plead or otherwise defend and plaintiff has submitted a declaration from her attorney stating that Pavel Riabikin (who he believes controls [Mosten] and/or who has orchestrated this fraud against plaintiff) is aware of this lawsuit. Accordingly, the Court grants plaintiff's motion [doc.#18] for entry of default against [Mosten] based on [Mosten's] failure to answer plaintiff's complaint. The Court will schedule a hearing by separate order to determine plaintiff's damages.
>
> The Court additionally grants plaintiff's motion to grant her motion for preliminary injunction as unopposed [doc.#20]. [Mosten] has failed to respond to plaintiff's motion for preliminary injunction, has failed to answer plaintiff's complaint, has failed to provide any response to plaintiff's requests for documents and interrogatories, and has failed to produce a corporate designee to appear for deposition under Fed.R.Civ.P. 30(b)(6). Accordingly, plaintiff's motion for preliminary injunction [doc.#4] to maintain the status quo of the parties to prevent [Mosten] from taking any action or exercising any right under any credit agreement with Zelany Port (a/k/a Green Port) Recreation and Health Centre, LLC, that would result in plaintiff losing her fifty-percent ownership interest in Zelany Port (a/k/a Green Port) Recreation and Health Centre, LLC, is hereby granted as unopposed.
>
> Finally, the Court grants plaintiff's motion to compel discovery [doc.#22]

---

[1] Mosten is organized as an Arkansas limited liability company.

> and hereby orders [Mosten] to (1) respond within fifteen (15) days of the date of entry of this order to the discovery requests previously sent to [Mosten] in connection with plaintiff's motion for expedited discovery [doc.#2] and (2) require corporate representative(s) of [Mosten] to appear for deposition(s) in Philadelphia, Pennsylvania.
>
> The hearing scheduled for February 29, 2008, is hereby cancelled and the Court will, as previously noted, schedule a hearing by separate order to determine plaintiff's damages.

Order granting plaintiff's motions [doc.#25] (footnotes omitted).

On March 14, 2008, plaintiff caused a copy of this Court's February 21, 2008, order to be hand-delivered to Mosten's registered agent. Subsequently, on April 7, 2008, plaintiff filed the motion for sanctions now before the Court. In her motion, plaintiff moves this Court for sanctions under Fed.R.Civ.P. 37(b) for Mosten's failure to comply with this Court's February 21, 2008, order compelling discovery. Specifically, plaintiff requests that this Court permanently enjoin Mosten from exercising any right under any credit agreement with Green Port, including the right to repayment of any amount loaned to Green Port, and also requests that this Court hold Mosten in contempt of court for failing to respond to plaintiff's discovery requests and fine Mosten $1,000 per day for each day Mosten remains in contempt of court.

On April 18, 2008, counsel for Mosten entered an appearance for the first time and, that same day, filed a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b)(1)(A) in which to respond to Mosten's motion for sanctions. Mosten states that it seeks such an extension so that it can confer in Europe with its American and Ukrainian counsel. Mosten states that it believes this "in-person" meeting will enable it to overcome language barriers and other obstacles, including travel schedules, time zones, and multiple lawsuits on two continents, that have hampered its ability to communicate with counsel and to defend this lawsuit. Mosten states that it also expects that, after this meeting, Mosten's counsel will have sufficient facts to proceed

with filing a motion to open the default entered against Mosten.

Plaintiff opposes Mosten's motion to extend the time to respond to her motion for sanctions, stating that Mosten decided as a matter of strategy to ignore this lawsuit and two orders of this Court directing it to respond to her discovery requests. Plaintiff argues that Mosten's recent decision to shift strategy and respond to this lawsuit does not constitute good cause within the meaning of Fed.R.Civ.P. 6(b)(1), given that Mosten has been aware of this lawsuit for some time.

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

The Court has carefully considered the matter and finds no good cause for extending Mosten's time in which to respond to plaintiff's motion for sanctions. The record shows, and Mosten does not dispute, that Mosten has long been aware of this action and yet failed to comply with this Court's orders. Among other things, plaintiff issued a third-party subpoena to Golden Rain, LLC ("Golden Rain") and the same law firm representing Mosten in this action – Kilpatrick Stockton – , by letter dated January 23, 2008, submitted discovery objections on behalf of Golden Rain.[2] According to the complaint, Green Port is composed of two partners: plaintiff and Golden Rain. Plaintiff also issued a third party subpoena to Forman Invest, Ltd.,

[2] On April 18, 2008, the Little Rock law firm of Dover Dixon Horne entered an appearance in this matter listing Kilpatrick Stockton as "of counsel," and Mosten states in its motion for extension of time that "Kilpatrick Stockton conferred in good faith with [plaintiff's counsel] regarding this Motion and were not able to resolve the requests...." In an e-mail to counsel for plaintiff dated April 16, 2008, Kilpatrick Stockton states it will soon be meeting with Pavel Riabikin, the alleged actual owner and controller of Mosten, and his lawyers in Europe to discuss whether he will authorize Kilpatrick Stockton to enter an appearance in this action.

Co. ("Forman"), also represented by Kilpatrick Stockton. According to the complaint, Suzanne Pegard, who it is claimed served as a director of Mosten and who worked for Pavel Riabikin, as previously noted the alleged actual owner and controller of Mosten, transferred significant sums of money from plaintiff's bank account in France to Forman.[3] These monies, according to the complaint, were at least in part used to fund loans from Mosten to Green Port. On April 8, 2008, Golden Rain and Forman served supplemental objections to the third-party subpoenas issued by plaintiff, both arguing that this Court's entry of default judgment "changed the posture" of this action and that plaintiff was thereby not entitled to the discovery sought. Thus, as noted by plaintiff, Golden Rain and Forman, through Kilpatrick Stockton, are using the current posture of this action as a basis for objecting to plaintiff's discovery requests, while Mosten, through the same law firm, likewise has not responded to plaintiff's discovery requests despite being so ordered and yet is now seeking an extension to respond in this action.[4] Mosten's conduct in ignoring this action and this Court's orders falls well short of demonstrating good cause. Although Mosten claims language barriers and other obstacles have hampered its ability to communicate with counsel and to defend this action, Mosten chose to organize in Arkansas and, despite vague and generalized claims of difficulties, it has not shown that logistics prevented it from defending this action.

There being no good cause shown, the Court denies Mosten's motion for an extension of time to respond to plaintiff's motion for sanctions and grants in part and denies in part plaintiff's

[3] The Complaint alleges that Forman and Mosten share the same management team.

[4] According to an affidavit submitted in support of plaintiff's response to Mosten's motion to extend, on January 31, 2008, investigators retained by plaintiff met with Pegard in Fayence, France, and that during the meeting, Pegard produced a written document specifically referencing the paragraphs in the complaint by number and indicated that Riabikin was aware he was being sued.

motion for sanctions. The Court hereby permanently enjoins Mosten from exercising any right under any credit agreement with Zelany Port (a/k/a Green Port) Recreation and Health Centre, LLC, including the right to repayment of any amount loaned to Zelany Port (a/k/a Green Port) Recreation and Health Centre, LLC. The Court denies at this time plaintiff's request that Mosten be held in contempt of court for failing to respond to plaintiff's discovery requests. Rather, the Court reaffirms its granting of plaintiff's motion to compel discovery [doc.#22] and hereby orders Mosten to (1) respond within fifteen (15) days of the date of entry of this order to the discovery requests previously sent to Mosten in connection with plaintiff's motion for expedited discovery [doc.#2] and (2) require corporate representative(s) of Mosten to appear for deposition(s) in Philadelphia, Pennsylvania.[5] The Court will, upon proper motion, revisit the issue of holding Mosten in contempt of court should Mosten fail to respond to plaintiff's discovery requests and require corporate representative(s) of Mosten to appear for deposition(s) in Philadelphia, Pennsylvania, as herein ordered.

IT IS SO ORDERED this 2nd day of May 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

[5] As noted in this Court's February 21, 2008 Order, plaintiff previously directed [Mosten] to produce a corporate designee to appear for a deposition in Little Rock, Arkansas, on January 30, 2008, and plaintiff's Philadelphia counsel traveled to Little Rock to conduct the deposition. [Mosten], however, failed to produce a corporate designee to be deposed on January 30, 2008, and the deposition was cancelled.